TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E. Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Tracey Carter*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tracey Carter, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC, a Delaware limited liability company; and Afni, Inc., an Illinois corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, TRACEY CARTER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Scottsdale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona ; and

b. Afni, Inc. ("Afni"), which is an Illinois corporation that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Afni is reporting an incorrect trade line with account number 105102**** ("Errant Trade Line") on Plaintiff's Trans Union credit file.

7. The Errant Trade Line does not belong to Ms. Carter. Ms. Carter had an Uverse account with AT&T for several years, and she was always current.

8. On or about April 22, 2017, Ms. Carter obtained her Trans Union credit file and noticed Afni reporting the Errant Trade Line.

9. On or about July 10, 2017, Ms. Carter obtained her Trans Union credit file and noticed Afni continued to report the Errant Trade Line.

10. On or about July 28, 2017, Ms. Carter submitted a letter to Trans Union, disputing the Errant Trade Line. She explained that she had a Uverse account with AT&T, that her account was current, and that the Uverse account (which is the subject of the Errant Trade Line) did not belong to her. She asked Trans Union to remove the Errant Trade Line from her credit file.

11. Upon information and belief, Trans Union transmitted Ms. Carter's consumer dispute to Afni.

12. On or about August 12, 2017, Ms. Carter received Trans Union's investigation results, which showed that the Errant Trade Line was updated and not removed from her credit file.

13. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AFNI**

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by Trans Union of Ms. Carter's consumer dispute of the Errant Trade Line, Afni negligently failed to conduct a proper investigation of Ms. Carter's dispute as required by 15 U.S.C. 1681s-2(b), and

16. Afni negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 U.S.C. 1681s-2(b), and failed to direct Trans Union to remove the Errant Trade Line from her credit file.

17. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Carter's consumer credit file with Trans Union to which it is reporting such trade line.

18. As a direct and proximate cause of Afni's negligent failure to perform its duties under the FCRA, Ms. Carter has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. Afni is liable to Ms. Carter by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 U.S.C. 1681o.

20. Ms. Carter has a private right of action to assert claims against Afni arising under 15 U.S.C. 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Afni for damages, costs, interest, and attorneys' fees.

5

# COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AFNI**

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Trans Union that Ms. Carter disputed the accuracy of the information it was providing, Afni willfully failed to conduct a proper reinvestigation of Ms. Carter's dispute, and willfully failed to direct Trans Union to correct the status of the Errant Trade Line and remove the Errant Trade Line.

23. Afni willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 U.S.C. 1681s-2(b).

24. As a direct and proximate cause of Afni's willful failure to perform its duties under the FCRA, Ms. Carter has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Afni is liable to Ms. Carter for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 U.S.C. 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Afni for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Carter as that term is defined in 15 U.S.C. 1681a.

28. Such reports contained information about Ms. Carter that was false, misleading, and inaccurate.

29. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Carter, in violation of 15 U.S.C. 1681e(b).

30. After receiving Ms. Carter's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Carter has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

32. Trans Union is liable to Ms. Carter by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Carter as that term is defined in 15 USC 1681a.

35. Such reports contained information about Ms. Carter that was false, misleading, and inaccurate.

36. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Carter, in violation of 15 USC 1681e(b).

37. After receiving Ms. Carter's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Carter has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Trans Union is liable to Ms. Carter by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

1 | DATED: August 30, 2017

                                      KENT LAW OFFICES

                            By: */s/ Trinette G. Kent*
                              Trinette G. Kent
                              Attorneys for Plaintiff,
                              Tracey Carter